STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID P. THOMPSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0484**  (BOR Appeal No. 2047674)
(Claim No. 2005043554)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ISG WEIRTON, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David P. Thompson, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed an August 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 11, 2011, decision denying Mr. Thompson's request to add cervical disc herniation as a compensable component of his claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thompson was injured in May of 2005 when he hit his head on scaffolding while employed as a field equipment operator. Initially, the claim was held compensable for a chest wall contusion. On July 25, 2006, Judith Brown, M.D., performed an independent medical evaluation and diagnosed Mr. Thompson with a contusion of the left lower ribs and chronic cervical spine strain, and recommended adding the cervical spine as a compensable component of the claim. A cervical spine MRI performed on October 6, 2006, revealed multilevel degenerative disc disease. Additionally, there was evidence of a central disc protrusion at C2-3 and an asymmetric posterior projection of disc material at C5-6.

On March 2, 2007, Jasmin Tamboli, M.D., Mr. Thompson's treating physician, filed a diagnosis update request listing Mr. Thompson's diagnoses as muscle sprain/strain of the neck, herniated discs at C2-3 and C5-6, coronary artery disease, and hyperlipidemia. On June 12, 2007, muscle sprain/strain of the neck was added as a compensable component of the claim. Victoria Langa, M.D., evaluated Mr. Thompson in May of 2008 and October of 2009, and concluded that he sustained a cervical sprain/strain with underlying age-related diffuse cervical degenerative disc disease/degenerative joint disease most pronounced at C5-6. On November 11, 2011, the claims administrator denied Mr. Thompson's request to add cervical disc herniation as a compensable component of the claim.

In its Order, the Office of Judges affirmed the claims administrator's November 11, 2011, decision. On appeal, Mr. Thompson asserts that he sustained disc herniations at C2-3 and C5-6 as a result of his May of 2005 injuries.

The Office of Judges found that the preponderance of the evidence shows that Mr. Thompson suffered from pre-existing age-related degenerative disc disease/degenerative joint disease in the cervical spine unrelated to the compensable injury. In particular, the Office of Judges relied on the results of the cervical spine MRI and Dr. Langa's opinions. The Office of Judges then concluded that Mr. Thompson failed to provide any evidence directly attributing a herniated cervical disc to the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of April 23, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II